## Trowbridge Dwight & Co. v. Andrew Weir.

*An authority to an attorney at law to take out an attachment, authorizes him to sign an attachment bond for the plaintiff.*

APPEAL from the District Court of Caddo. *Olcott*, J. *L. P Crain*, for plaintiff. *Thomas T. Land*, for defendant. The judgment of the court was pronounced by

Preston, J. This suit was commenced by attachment. The attorney at law of the plaintiffs, made the affidavit and signed their names to the attachment bond. The only question presented for decision is, whether the attachment bond could be signed by the attorney, and is binding upon the plaintiffs without their special authority.

The counsel for the defendant relies, for the dissolution of the attachment, on the 2996th article of the Civil Code, which prescribes that a power must be express and special to acknowledge a debt.

The attorney, by signing an attachment bond, does not strictly acknowledge a debt. He signs a conditional obligation, without which his client cannot obtain the judicial process which he demands. The demand of the process is the assurance, on his behalf, that he is entitled to it, and that the obligation will never become absolute, by a breach of the condition, so as to become a debt. The signing the bond is an act of administration alone, indispensable to secure the rights of the client, and is fully conferred by the mandate in general terms. The mandate is to collect his debt by process of law. If no agent or attorney in fact is constituted, the attorney at law is the mandatary for this purpose. The signing of the attachment bond is a necessary incident to the collection of the debt, and is embraced in the general power to make the collection.

In 1828, in an act amending the Code of Practice, the Legislature gave a manifest legislative interpretation of the articles of the code relative to attachment and sequestration bonds, by declaring, " that in all cases where attachments, arrests and sequestrations, are demandable, the plaintiff, his agent or attorney, having made affidavit and given bond in conformity to law, and having filed the same in court, the attachment or sequestration shall issue. B. and C. 19.

The term attorney, in this law, being distinguished from agent by the disjunctive conjunction, means the attorney at law. We know this, from the circumstances under which the act was passed, and the evils it was intended to remedy. Indeed, it has been judicially decided, that the term, when not qualified, does mean an attorney at law.

I cannot distinguish the cases of attachment and sequestration bonds, from that of an appeal bond, which, it has always been held, may be executed for the appellant by his attorney at law; because the law binds him, independently of the bond which is formally executed, principally for the purpose of formally binding the surety on the appeal bond. See 9 M. R. 74. 10 L. R. 411. 6 L. R. 324. 12 R. R. 220.

There is nothing in the case of *Grove* v. *Harvey*, 12 R. R. 221, adverse to this opinion ; and the reasoning of this court, in the case of *Wetmore* v. *Daffin*, supports rather than conflicts with it.

The judgment of the district court is reversed at the cost of the appellee; the order of attachment reinstated, and the cause remanded for further proceedings according to law.

DWIGHT & Co.
*v.*
WEIR.

EUSTIS, C. J.   The impression of a majority of the court is, that the plaintiffs made *Mr. Crane* their attorney in fact for the collection of their debt, and that they are bound by his act of taking out the attachment, and, consequently, of signing the attachment bond.   It is a question, whether the subsequent ratification of his acts, by his principals, was not tantamount to an original authority.

We concur in the conclusions of Judge Preston, but prefer placing it on this ground alone.